13-1536-cv
Affinity LLC v. GfK MRI

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of, December, two thousand thirteen.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

AFFINITY LLC,

       *Plaintiff-Appellant*,

   v.                                      13-1536-cv

GFK MEDIAMARK RESEARCH & INTELLIGENCE, LLC,

       *Defendant-Appellee*.

_____

FOR APPELLANT:        Todd A. Higgins, Crosby and Higgins, LLP, New York, NY.

FOR APPELLEE:         Michael R. Lazerwitz (Ari D. MacKinnon, Dana Berkowitz, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED**.

Appellant Affinity LLC ("Affinity") appeals from the March 26, 2013 judgment of the United States District Court for the Southern District of New York granting Appellee, GfK Mediamark Research & Intelligence, LLC's ("GfK MRI") motion to dismiss each of Affinity's federal antitrust claims. In its Amended Complaint, Appellant alleges multiple violations of section 2 of the Sherman Act, 15 U.S.C. § 2, including predatory pricing, monopolization, and attempted monopolization. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the district court's decision to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

After conducting an independent review of the Amended Complaint, we affirm the district court's dismissal of Affinity's federal antitrust claims. In order to plead a predatory pricing claim under § 2 of the Sherman Act, a plaintiff must first allege "that the prices complained of are below an appropriate measure of its rival's costs" and second that the rival has

a "dangerous probability [] of recouping its investment in below-cost prices." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 222 (1993). Affinity's Amended Complaint fails to plausibly allege either element of a § 2 predation claim. First, Affinity references its own costs in an attempt to allege that GfK MRI priced below an "appropriate measure of [] costs." As the district court pointed out, however, such an allegation is "entirely conclusory and unavailing," because GfK MRI's "experience in the industry . . . spann[ed] decades beyond Plaintiffs," and Affinity makes no allegations in the amended complaint to "undercut the obvious inference that Defendant realized efficiencies in developing, marketing, and delivering its services due to its size." *Affinity LLC v. GfK Mediamark Research & Intelligence, LLC*, No. 12 Civ. 1728 (RJS), 2013 WL 1189317, at *4 (S.D.N.Y. Mar. 25, 2013). Affinity, therefore, has provided no basis to infer reasonably either that GfK MRI has the same cost structure as Affinity or suffered losses on its pricing schemes.

Even if Affinity had sufficiently alleged that GfK MRI's prices were below an appropriate measure of its costs, Affinity's predatory pricing claim falls short because its allegations do not show there was a dangerous probability of recoupment. *Brooke Grp.*, 509 U.S. at 224. Proving a "dangerous probability" requires facts supporting the inference that the defendant could "obtain enough market power to set higher than competitive prices, and then . . . sustain those prices long enough to earn in excess profits what they earlier gave up in below-cost prices." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 590-91 (1986). A plaintiff is unable to plead a dangerous probability of recoupment when entry to the market can be achieved with relative ease. *See Brooke Grp.*, 509 U.S. at 226. Such is the case here as Affinity's own declarations depict remarkably low barriers to entry in the market. As the district court summarized, "[b]y detailing VISTA's launch, Plaintiff makes clear that a small,

3

undercapitalized startup can create a foothold in both the Audience and Advertising Effectiveness Markets in a matter of months and for a relatively minor investment." Based on this, it is reasonable to assume that if GfK MRI attempted to recoup its hypothetical losses by charging supracompetitive prices, then other market participants could easily and quickly enter the market to undersell GfK MRI.

We also affirm that portion of the judgment that dismissed Affinity's claims of monopolization and attempted monopolization. Monopoly power is "the power to control prices or exclude competition." *United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 391 (1956). To state a claim for monopolization in violation of Section 2, a plaintiff must adequately allege "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)). Similarly, a claim for attempted monopolization requires a showing that the defendant (1) "engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993). Where a monopolization claim depends upon "misleading advertising," the claim must "'overcome a presumption that the effect on competition of such a practice was *de minimis*.'" *Nat'l Ass'n of Pharm. Mfrs., Inc. v. Ayerst Labs., Div. of/& Am. Home Prods. Corp.*, 850 F2d 904, 916 (2d Cir. 1988) (quoting *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F2d 263, 288 n.41 (2d Cir. 1979)).

Thus, adequately pleading that GfK MRI monopolized or attempted to monopolize the market is contingent on adequately pleading that its success was achieved by means of

4

anticompetitive behavior rather than through growth or development as a consequence of a superior product. *See PepsiCo, Inc.*, 315 F.3d at 108. As outlined above, Affinity has failed to plead sufficient facts for its allegation of predatory pricing. Similarly unavailing is Affinity's claim that GfK MRI misappropriated confidential information. We agree with the district court that Affinity's "allegations are entirely conclusory, amounting to little more than a declaration that Defendant *must have* breached the NDA when it launched Starch Syndicated and Ad Measure." *Affinity LLC*, 2013 WL 1189317, at *7. Although Affinity asserts that GfK MRI disseminated false, misleading statements, Affinity has not alleged facts which, if proved, would be sufficient to overcome the presumption of a *de minimis* impact on competition.

Affinity has also failed to allege that GfK MRI did not achieve its market power as a consequence of a superior product alone, but rather through the willful acquisition of that power. Affinity's claims of monopolization and attempted monopolization, therefore, fail for the independent reason that it has not pled facts supporting an inference that GfK MRI gained its market share via anticompetitive behavior rather than through growth or development as a consequence of a superior product.

We have considered Affinity's remaining arguments on appeal and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5